UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PETER CELESTINE** **#110116** | **CIVIL ACTION NO. 10-1502-LC** |
| **VERSUS** | **SECTION "P"** |
| | **JUDGE MINALDI** |
| **ED SHIRLEY, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by pro se plaintiff Peter Celestine on September 27, 2010.  Doc. 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.

Plaintiff alleges his civil rights were violated while incarcerated at ACC and he names the following as defendants herein: ACC Warden Terry Terrell, ACC Officer Ed Shirley, and DOC Secretary James LeBlanc.  Doc. 6, p. 2.  As relief, plaintiff seeks an order removing defendant Shirley, whom he states is in charge of the legal programs at ACC, from the program as well as compensatory and punitive damages.  Doc. 6, p. 5.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

On April 7, 2010, plaintiff was charged with violating Rule No. 30C – General Prohibited

Behavior. Doc. 6, p. 3. He was convicted of same on April 13, 2010, and was sentenced to 16 weeks forfeiture of good time (imposed) and custody change to maximum (suspended for 90 days). *Id.* Plaintiff appealed the decision. *Id.*

On June 22, 2010, the DOC remanded the matter to the institution for clarification. Doc. 6, p. 4. Another hearing was held on July 22, 2010, wherein the disciplinary board found plaintiff guilty of a violation of Rule No. 4– Disobedience. *Id.* He was sentenced to 28 days loss of recreation and 28 days loss of phone. *Id*. Plaintiff claims that all of his motions were denied as defendant Shirley told the hearing officer not to dismiss the charges. Plaintiff contends that this constituted double jeopardy as he had already "done the first sanctions." Id.

Plaintiff appealed the decision and on August 3, 2010, the disciplinary board heard the appeal of the remanded hearing. Doc. 6, p. 6. The board held that plaintiff's sentence would be vacated and the rule violation report expunged from his record. *Id*. It was also held that he would be returned to the status and job assignment he had before the date of the violation unless extenuating circumstances existed. *Id*.

Plaintiff claims that the rule violation should have been dismissed when the matter was remanded but instead he was subjected to another hearing, more sanctions, and double jeopardy.

*Law and Analysis*

1. *Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A); 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a sufficiently detailed recitation of the facts supporting his claims. Plaintiff has stated his best case and need not be afforded an opportunity for further amendment.

2. ***Good Time Credit***

Plaintiff complains that his due process rights were violated as a result of the various

disciplinary hearings.  More specifically, he claims that the matter should have been dismissed after the DOC Secretary remanded it the institution.  Plaintiff states that it was not dismissed and, as a result, additional sanctions were imposed constituting double jeopardy.

Plaintiff's complaint fails to state a claim for which relief might be granted pursuant to 42 U.S.C. § 1983.  In *Sandin v. Connor*, 515 U.S. 472 (1995), the U.S. Supreme Court clarified when due process protections attach to the prison disciplinary process.  The Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of a typical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected.  *Sandin*, 515 U.S. at 486.  The Court noted that the protections of Fourteenth Amendment due process defined in *Wolff v. McDonnell*, 418 U.S. 539 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence."  In sum, the Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Under the guidance provided by *Sandin,* the Fifth Circuit has held that, as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest.  *Orellana v. Kyle*, 65 F.3d  29, 31-32 (5th Cir. 1995).  Moreover, in commenting on *Sandin*, the Fifth Circuit noted

4

that liberty interests that are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin*, 515 U.S. at 478). In coming to this conclusion, the court noted that the Supreme Court articulated the principle "that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d 767 (citing *Sandin,* 515 U.S. at 478) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Accordingly, the Fifth Circuit held that thirty-day commissary and cell restrictions imposed as punishment are in fact merely changes in the conditions of confinement which do not implicate due process concerns. *Madison*, 104 F.3d at 768. Because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." *See Madison*, 104 F.3d at 768; *see also Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

Plaintiff was initially sentenced to loss of good time. However, the documentation filed by him shows that the sentence was vacated. Doc. 6, p. 6. Thus, it appears that plaintiff did not

lose good time credits as a result of the allegedly defective disciplinary proceedings. It also appears that he was returned to pre-incident status and job assignment. Even if the loss of recreation and the loss of phone privileges had been enforced, such would not have amounted to an "atypical" hardship. Therefore, plaintiff's claims are frivolous. *Sandin; Meachum v. Fano*, 427 U.S. 215, 228 (1976).

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 17th day of July, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE